Filed 8/31/21

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>VICTORIA MAE SAXTON,<br><br>    Defendant and Appellant. | 2d Crim. No. B310336<br>(Super. Ct. No. 2020034073)<br>(Ventura County) |

In recent years, the Legislature has enacted various laws to reduce the number of Californians on probation or mandatory supervision. Among those enactments is Assembly Bill No. 1950 (2019-2020 Reg. Sess.) (A.B. 1950), which limits the "pipeline for re-entry into the carceral system" by restricting the length of most probation terms. (*People v. Quinn* (2021) 59 Cal.App.5th 874, 880 (*Quinn*).) But A.B. 1950's term limits are not universal; several criminal offenses are exempt.

Here, we conclude that a defendant who is convicted of both a misdemeanor exempt from A.B. 1950's probation term limits and a nonexempt felony can be ordered to serve a term of formal probation equal to the length of time specified by the exempt misdemeanor. But consistent with A.B. 1950's purpose, a

probation violation can carry felony punishment consequences only during the first two years of the probationary term. Any violation that occurs after that two-year period can have only misdemeanor punishment consequences.

Victoria Mae Saxton appeals from the judgment after pleading no contest to driving under the influence (Veh. Code, § 23152, subd. (f)), a misdemeanor, and willfully evading a police officer (Veh. Code, § 2800.2, subd. (a)), a felony. The trial court suspended imposition of sentence and ordered her to serve three years of formal probation. It specified that any probation violation that occurs during those three years can carry felony punishment consequences. Saxton contends A.B. 1950 limits the felony consequences of any probation violation to the first two years of her probationary term. We agree, modify the order granting probation, and otherwise affirm.

DISCUSSION

A.B. 1950 amended Penal Code[1] sections 1203a and 1203.1 to restrict the length of most probation terms. (Stats. 2020, ch. 328, §§ 1 & 2.) Effective January 1, 2021, misdemeanor probation terms are generally limited to one year (§ 1203a, subd. (a)), and felony probation terms are generally limited to two years (§ 1203.1, subd. (a)). Exempt from these limits are offenses that "include[] specific probation lengths within [their] provisions." (§§ 1203a, subd. (b), 1203.1, subd. (m)(1).) Whether Saxton's case falls within one of these exemptions presents an issue of statutory interpretation for our independent review. (*In re R.G.* (2019) 35 Cal.App.5th 141, 146.)

As with any issue of statutory interpretation, "[o]ur fundamental task is to ascertain the Legislature's intent when it

---

[1] Unlabeled statutory references are to the Penal Code.

enacted" A.B. 1950.  (*In re R.G., supra*, 35 Cal.App.5th at p. 146.)
"We begin with [A.B. 1950's] words, giving them their plain,
commonsense meanings." (*Ibid.*)  "We construe the words in
context of related statutes, harmonizing them whenever
possible." (*Ibid.*)  "We presume the Legislature 'was aware of
existing related laws' when it enacted [A.B. 1950], and that it
'intended to maintain a consistent body of rules.'  [Citation.]"
(*Ibid.*)  "We will follow [A.B. 1950's] plain meaning[] unless doing
so would lead to absurd results the Legislature did not intend."
(*Presbyterian Camp & Conference Centers, Inc. v. Superior
Court* (2019) 42 Cal.App.5th 148, 154, review granted Jan. 22,
2020, S259850.)

The plain meaning of A.B. 1950 is clear, and permits
a trial court to order a defendant to serve three years of formal
probation where, as here, the judgment includes a misdemeanor
conviction for driving under the influence.  One of the exemptions
from the probation term limits codified in section 1203a is set
forth in Vehicle Code section 23600, subdivision (b)(1).  That
subdivision provides that a person who is granted probation after
a misdemeanor conviction for driving under the influence must
serve a probation term of at least three years.  (Veh. Code,
§ 23600, subd. (b)(1).)  The probation can be either "formal" (i.e.,
under the supervision of the probation department) or "informal"
(i.e., without supervision by the probation department).  (§ 1203,
subd. (a); see also *People v. Glee* (2000) 82 Cal.App.4th 99, 104.)

Saxton was also convicted of willfully evading a police
officer, a felony for which A.B. 1950 imposes a two-year limit on
probation.  But a trial court must make a probation suitability
determination based on the case as a whole, not discrete
convictions.  (§ 1203, subd. (b)(3) [court "shall hear and determine

. . . the suitability of probation *in the particular case*" (italics added)]; see also Couzens et al., Sentencing California Crimes (The Rutter Group 2020) ¶ 23:9 [if case involves both misdemeanor and felony convictions, court should impose "a single term of punishment and probation for all charges"].) And Saxton's case is a "felony case" since it involves both a felony and a misdemeanor. (§ 691, subd. (f).) Informal probation is not allowed in felony cases. (§ 1203, subd. (a); see also *People v. Kaufman* (2017) 17 Cal.App.5th 370, 396.) The trial court thus did not err when it ordered Saxton to serve a term of formal probation for the three years required by Vehicle Code section 23600. (Cf. *People v. Schulz* (2021) 66 Cal.App.5th 887, 892 (*Schulz*) [specific probation term set forth in Veh. Code, § 23600, rather than general term set forth in Pen. Code, § 1203.1, applied where defendant convicted of violating Veh. Code, § 23153].)

But the court did err when it said that Saxton could suffer felony punishment consequences if she successfully completes the first two years of probation and violates probation during the third year of her probationary term. As our colleagues in the Fifth District have explained, the only offenses exempt from the two-year felony probation term limit set forth in section 1203.1 are felonies listed in subdivision (c) of section 667.5, felonies that include specific probation terms within their provisions, and """white collar crimes""" involving property valued in excess of $25,000. (*Schulz, supra*, 66 Cal.App.5th at p. 898.) Saxton committed none of these offenses. It would thus be counter to the Legislature's purpose in enacting A.B. 1950 if Saxton were to face felony consequences for any probation violation that occurs after she successfully completes two years of probation. (Cf. *Quinn, supra*, 59 Cal.App.5th at p. 880 [purpose

4

of A.B. 1950 is to "'"reduc[e] the number of people on probation returning to incarceration"'"].)  The order granting probation must accordingly be modified.

## DISPOSITION

The trial court's order suspending imposition of sentence and ordering Saxton to serve three years of formal probation, entered February 2, 2021, is modified to specify that: (1) Saxton can face felony punishment consequences for a probation violation only during the first two years of her probationary term, and (2) any probation violation that occurs during the third year of Saxton's probationary term can carry only misdemeanor consequences.  As modified, the judgment is affirmed.

<u>CERTIFIED FOR PUBLICATION.</u>

TANGEMAN, J.

We concur:

GILBERT, P. J.

YEGAN, J.

5

Bruce A. Young, Judge

Superior Court County of Ventura

_____

Claudia Y. Bautista, Public Defender, and William Quest, Sr., Deputy Public Defender, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Steven E. Mercer, Deputy Attorneys General, for Plaintiff and Respondent.